**Marquis Aurbach Coffing**
Craig R. Anderson, Esq.
Nevada Bar No. 6882
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com
  Attorneys for Defendants LVMPD, Campbell, Vasquez, Gonzalez, Roman and Lombardo

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| MARCIA WELLS and TEENA ACREE, individually and as Co-Special Administrators of the Estate of Byron Lee Williams, Deceased; TINA LEWIS-STEVENSON, individually as an heir; GWENDOLYN LEWIS, individually as an heir; ROBYN WILLIAMS, individually as an heir and DEWAIN LEWIS, individually as an heir,<br><br>                            Plaintiffs,<br><br>vs.<br><br>THE CITY OF LAS VEGAS, a political subdivision of the State of Nevada; CLARK COUNTY, a political subdivision of the State of Nevada; LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; OFFICER PATRICK CAMPBELL, individually and as an agent of the City of Las Vegas, Clark County, and the Las Vegas Metropolitan Police Department; OFFICER BENJAMIN VASQUEZ, individually and as an agent of the City of Las Vegas, Clark County, and the Las Vegas Metropolitan Police Department; OFFICER ALEXANDER GONZALEZ, individually and as an agent of the City of Las Vegas, Clark County, and the Las Vegas Metropolitan Police Department; OFFICER ROCKY ROMAN, individually and as an agent of the City of Las Vegas, Clark County, and the Las Vegas Metropolitan Police Department; and SHERIFF JOE LOMBARDO, as agent of the City of Las Vegas, Clark County, and the Las Vegas Metropolitan Police Department,<br><br>                            Defendants. | Case Number:<br>2:21-cv-01346-JCM-EJY<br><br><br><br><br><br>**DEFENDANTS LVMPD, CAMPBELL, VASQUEZ, GONZALEZ, ROMAN AND LOMBARDO'S MOTION FOR PARTIAL DISMISSAL** |

MAC:14687-230 4461366_1

Defendants Las Vegas Metropolitan Police Department, Officer Patrick Campbell, Officer Benjamin Vasquez, Officer Alexander Gonzalez, Officer Rocky Roman and Sheriff Joe Lombardo ("LVMPD Defendants"), by and through their attorneys of record, Marquis Aurbach Coffing, hereby file this Motion for Partial Dismissal.

## MEMORANDUM OF POINTS & AUTHORITIES

### I. INTRODUCTION

This is a 42 U.S.C. § 1983 excessive force lawsuit. According to plaintiffs, on September 5, 2019, the LVMPD Defendants caused Byron Lee Williams's ("Decedent") death while taking him into custody.

On July 14, 2021, plaintiffs filed their Complaint alleging (1) state law battery/wrongful death (First Cause of Action), (2) state law negligence/wrongful death (Second Cause of Action), (3) state law negligence/survival action (Third Cause of Action), (4) state law battery/survival action (Fourth Cause of Action), (5) § 1983 excessive force (Fifth Cause of Action), (6) § 1983 denial of medical needs (Sixth Cause of Action), (7) a *Monell*[1] claim for unconstitutional policies and practices (Seventh Cause of Action), (8) a *Monell* claim for ratification (Eighth Cause of Action), (9) state law negligent retention (Ninth Cause of Action), and (10) state law negligent training claim (Tenth Cause of Action). This Motion asks this Court to take the following action:

1. Dismiss all of the individual plaintiffs from the federal law claims (causes of action five, six, seven, and eight) because only the Decedent's Estate has standing to pursue those claims;

2. Dismiss all of the individual plaintiffs from the state law survival action as only the Decedent's Estate has standing to pursue the claim;

3. Dismiss plaintiffs Marcia Wells and Teena Acree in their individual capacities from the lawsuit because they lack standing to pursue any claims;

---

[1] *Monell v. Dept of Soc. Svcs.*, 436 U.S. 658 (1978).

4. Dismiss Sheriff Lombardo from the lawsuit because the claims against him are duplicative of the claims against LVMPD, and there is no allegation he had any individual involvement; and

5. Dismiss plaintiffs' state law negligent retention and training claims because the LVMPD Defendants are immune from both claims pursuant to NRS 41.032.

## II. FACTS

### A. THE PARTIES.

Plaintiffs' Complaint names five plaintiffs. The plaintiffs can be separated into three groups: (1) the Estate; (2) the Nieces; and (3) the Siblings.

Plaintiffs Marcia Wells ("Wells") and Teena Acree ("Acree") are acting "as the Co-Special Administrators for the Estate of Byron Lee Williams" (the "Estate") and are also suing in their individual capacities as the Decedent's nieces (collectively "the Nieces"). ECF No. 1 at ¶¶23-25. Plaintiffs Tina Lewis-Stevenson ("Lewis-Stevenson"), Gwendolyn Lewis ("Lewis"), Robyn Williams, and Dewain Lewis ("Lewis") are alleged to be the Decedent's siblings (collectively "the Siblings") and are suing in their individual capacities. *Id.* at ¶¶26-29.

Defendant LVMPD is a municipality in Clark County, Nevada. It is responsible for the training and supervision of all LVMPD officers. *See* NRS 280.10; NRS 280.280. Defendants Campbell, Vasquez, Gonzalez, and Roman are police officers employed by LVMPD. *Id.* at ¶¶13-17. Sheriff Lombardo is LVMPD's current sheriff. *Id.* Defendants The City of Las Vegas and Clark County are governmental entities that are not affiliated with LVMPD or its officers.[2]

### B. PLAINTIFFS' FACTS.

On September 5, 2019, the Decedent was illegally riding a bicycle without a headlight. ECF No. 1 at ¶¶62 and 71. Defendants Campbell and Vazquez attempted to stop

---

[2] This Motion takes no position on the claims against The City of Las Vegas or Clark County.

the Decedent to investigate. *Id.* at 71. The Decedent chose to ignore the officers' lawful commands and fled on foot. *Id.* at ¶75. After a two-minute foot pursuit, the Decedent dropped to his stomach and surrendered. *Id.* at ¶¶90-92. The officers then struggled with the Decedent to effectuate handcuffing. *Id.* at ¶¶96-108. Once handcuffing was completed, plaintiffs allege that the officers kept the Decedent in a prone position and did not render medical aid. *Id. at* ¶¶108-135. Plaintiff eventually passed away. *Id.* at ¶161.

### III. LEGAL STANDARD.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. The issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994). If a plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint, the court may *sua sponte* dismiss the cause of action or portions thereof. *Halt v. Wend Inv. Co.*, 672 F.2d 1305, 1309 (9th Cir. 1982).

### IV. LEGAL ARGUMENT

The LVMPD Defendants request that this Court (1) dismiss all of the plaintiffs except the Estate from the federal law claims; (2) dismiss all of the individual capacity claims brought by the Nieces; (3) dismiss Sheriff Lombardo, and (4) dismiss plaintiffs' state law claims for negligent retention and negligent training.

#### A. ONLY THE ESTATE HAS STANDING TO PURSUE THE FEDERAL LAW § 1983 CLAIMS.

Plaintiffs' federal law causes of action are brought pursuant to 42 U.S.C. § 1983. Specifically, plaintiffs allege: (1) excessive force in violation of the Fourth Amendment (Fifth Cause of Action); (2) disregard of medical needs (Sixth Cause of Action); (3) a

1  *Monell* claim against LVMPD (Seventh Cause of Action); and (4) ratification against
2  LVMPD (Eighth Cause of Action). According to the Complaint, all of the plaintiffs are
3  pursuing these claims. However, only the Decedent's Estate has standing to pursue these
4  claims.
5        Under § 1983, claims of excessive force and denial of medical care against police
6  officers must be brought under the Fourth Amendment. *See Graham v. Connor*, 490 U.S.
7  386, 394 (1989) (excessive force); *Tatum v. City & Cty. of San Francisco*, 441 F.3d 1090,
8  1098-99 (2006) (medical needs). The *Monell* claims against LVMPD are derivative of
9  plaintiffs' Fourth Amendment claims. *Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 740
10 (9th Cir. 2020) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)).
11       "Fourth Amendment rights are personal rights which . . . may not be vicariously
12 asserted." *Alderman v. United States*, 394 U.S. 165, 174, 89 S.Ct. 961 (1969). However,
13 the Ninth Circuit has held that in § 1983 actions, the survivors of an individual killed as a
14 result of a police officer's excessive use of force may assert a claim on the individual's
15 behalf if the relevant state's law authorizes a survival action. 42 U.S.C. § 1988(A); *Smith v.*
16 *City of Fontana*, 818 F.2d 1411, 1417 (9th Cir. 1987). The parties seeking to bring a
17 survival action bear the burden of demonstrating that a particular state's law authorizes the
18 survival action and that the plaintiff meets the state's requirements for bringing a survival
19 action. *Byrd v. Guess*, 137 F. 3d 1126, 1131 (9th Cir. 1998) (ruling that failure to
20 demonstrate Fourth Amendment standing precludes claim regardless of its potential merits).
21       Nevada law provides for the survival of a cause of action for injuries suffered by an
22 individual who dies before judgment is rendered. NRS 41.100(3). However,
23 NRS 41.100(3) extends the right to bring a survival action only to the official representatives
24 of an individual's estate; no mention is made of a similar right extending to the family
25 members or heirs to bring a survival action independent or in lieu of the estate's claim.
26 Moreover, in the same NRS Chapter, the Nevada legislature signaled its recognition of the
27 distinction between an estate representative and a decedent's heirs by granting both heirs

and estate representatives the right to bring a state law wrongful death cause of action. *See* NRS 41.085. The Nevada Legislature's decision to mention only estate representatives in NRS 41.100(3) clearly indicates that a right to bring a survival action in Nevada is limited to the duly appointed representatives of a deceased's estate. *See e.g. Moreland v. Las Vegas Metropolitan Police Department*, 159 F.3d 365 (1998).

In *Moreland*, the decedent's mother and minor children sued the police department and two officers asserting claims under § 1983 and state law wrongful death and tort claims. The court ruled that the mother and children lacked standing to assert a § 1983 survival action because Nevada law required survival actions to be brought by "official representatives of decedent's estate" and neither the mother nor the children alleged to bring their claims in a representative capacity. *Id.* 159 F.3d at 369. Therefore, the court dismissed their claims.

Here, the Nieces' and Siblings' claims are similar to *Moreland*. The individual plaintiffs do not allege that their personal rights were infringed upon. Accordingly, all of the plaintiffs, in their individual capacities, lack standing to bring the § 1983 claims or the *Monell* claims. Therefore, the LVMPD Defendants request an order dismissing all the plaintiffs except the Estate from the federal law claims.

**B.  THE STATE LAW CLAIMS.**

According to the Complaint, all of the plaintiffs are pursuing state law claims for (1) battery-wrongful death (First Cause of Action), (2) negligence-wrongful death (Second Cause of Action), (3) negligence-survival action (Third Cause of Action), (4) battery-survival (Fourth Cause of Action), (5) negligent retention (Ninth Cause of Action), and (6) negligent training (Tenth Cause of Action). Thus, the plaintiffs believe that, under Nevada law, they can all pursue a survival action and a wrongful death action. In actuality, only the Estate can pursue the survival action and only the Estate and Siblings can bring a wrongful death claim.

1. **<u>Nevada state law regarding survival actions and wrongful death actions.</u>**

The distinction between a survival action and a wrongful death action is important. In a survival action, the estate of a deceased person is allowed to prosecute a claim for personal injury that the deceased himself would have had but for his death. In a wrongful death action, the victim's dependents are allowed to recover for the harms they personally suffered as a result of the death, independent of any action the decedent may have had for his own personal injuries.

Claims under Nevada's survival of action statute are governed by NRS 41.100. This statute provides that no cause of action is lost by reason of the death of any person, and such causes of action may be maintained by the decedent's executor or administrator. Thus, any claims brought under NRS 41.100 can only be brought by the administrator and may not be brought by any heirs. The statute specifically provides that it does not apply to the cause of action of a decedent brought by the decedent's personal representative for the decedent's wrongful death. *See* NRS 41.100(3). Nevada's survival of action statute provides that a cause of action in favor of an injured party for personal injury will abate when such personal injury results in death. *Borrego v. Stauffer Chemical Co.*, 315 F.Supp. 980, 982 (D. Nev. 1993).

Nevada's wrongful death statute provides an independent cause of action for the heirs and personal representatives of a decedent whose death is caused by the wrongful act or neglect of another. *See* NRS 41.085. Under this statute, both the decedent's heirs and representatives may maintain a cause of action. A decedent's heirs may seek damages for the wrong done to them through the decedent's death, in the form of grief or sorrow, loss of probable support, companionship, society, comfort and consortium, as well as damages for the pain, suffering or disfigurement of the decedent. *See* NRS 41.085(5). The administrator may seek any special damages, such as medical expenses, which the decedent incurred or sustained before his death; funeral expenses; and any penalties that the decedent would have

recovered if he had lived; but not damages for pain, suffering, or disfigurement of the decedent. *Id.*

Properly pled, plaintiffs' claim for battery would be part of the wrongful death claim because the supposed illegality was allegedly a contributing factor in the Decedent's death. Plaintiffs' negligence-based claims, however, would survive as separate claims and are properly asserted under Nevada's survival statute.

### 2. Only the Decedent's Estate can pursue the survival action.

Nevada law only allows a decedent's executor or administrator to assert claims that survive the decedent's death. *See* NRS 41.100(1). According to the statute:

> 1. Except as otherwise provided in this section and NRS 179A.230, no cause of action is lost by reason of death of any person, but may be maintained by…the person's executor or administrator.

NRS 41.100(1). NRS 41.100 makes no mention of a similar right extending to family members or heirs to bring a survival action independent or in lieu of the estate's claim. *See generally* NRS 41.100.

Here, the Siblings (and Nieces in their individual capacities) are not the Decedent's Estate's administrators. ECF No. 1. The Complaint identifies the Nieces as the Co-Special Administrators. ECF No. 1 at ¶¶23-24. Therefore, according to Nevada law, only the Nieces in their representative capacities possess the requisite standing to bring claims on behalf of the Decedent. Thus, any survival action on behalf of the Siblings (and the Nieces in their individual capacities) must be dismissed.

### 3. Only the Estate and the Siblings can Pursue the Wrongful Death Action.

Plaintiffs also allege wrongful death against the Defendants. Wrongful death is the cause of action created by statute, having no roots in the common law. *Alsenz v. Clark County School Dist.*, 109 Nev. 1062, 1064, 864 P.2d 285, 286 (1993). In Nevada, wrongful death causes of action are governed by NRS 41.085, which states in relevant part:

> 2. When the death of any person, whether or not a minor, is caused by the wrongful act or neglect of another, the heirs of the decedent and the personal representatives of the decedent may each maintain an action for damages against the person who caused the death…

An heir is "a person who, under the laws of the State, would be entitled to succeed to the separate property of the decedent if the decedent had died intestate." NRS 41.085(1).

For the purposes of NRS 41.085, an heir is determined by NRS 134 - Nevada's succession statutes. As recognized in the statute's legislative history, "who the heir is, is dependent upon the particular situation of the decedent." S.B. 99, Committee on Judiciary, 1979 Leg., 60th Sess. (Nev. 1979). Specifically,

> If there is no issue, surviving spouse or parent, then the estate goes in equal shares to the brothers and sisters of the decedent and to the lawful issue of any deceased brother or sister by right of representation . . .

*See* NRS 134.060. The Nieces would only succeed in the decedent's separate property if the decedent's parents were also deceased, there was no spouse or children, and no siblings. *See* NRS 134.070.

The Nieces never allege that they are a proper heir in the complaint. Any suggestion of such would merely be a conclusory legal conclusion that the court may reject. Accepting the factual allegations in paragraphs 24-29 as true, the Nieces cannot be legal heirs. *See* NRS 134.050(3). Accordingly, the defendants respectfully request the Court dismiss the Nieces, in their individual capacities, from all state law claims.

### C. PLAINTIFFS' CLAIMS AGAINST SHERIFF LOMBARDO MUST BE DISMISSED

The Complaint states that the plaintiffs are suing Sheriff Lombardo only in his official capacity. ECF No. 1 at caption and ¶11. The body of the Complaint does not allege (or even imply) that Sheriff Lombardo had any personal involvement in the subject event.

Plaintiffs' claims against Sheriff Lombardo in his official capacity as Sheriff must be dismissed because a claim against the Sheriff in his official capacity is actually a suit against the entity of which he is an agent. *See Kentucky v. Graham*, 473 U.S. 159 (1985). "As long

as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id.* at 166. The real party in interest in such suits is the entity itself, and the entity, not the named defendant, will be liable for any damages. *Id*; *see also*, *Correa v. Las Vegas Metro Police Dep't.*, 2016 WL 7320879, *3 (D. Nev. Dec. 15, 2016) (*citing Center for Bio-Ethical Reform, Inc. v. Los Angeles Cty. Sheriff Dept.*, 533 F.3d 780, 799 (9th Cir. 2008)).

### D. PLAINTIFFS' STATE LAW NEGLIGENT RETENTION AND TRAINING CLAIMS MUST BE DISMISSED

Plaintiffs' Ninth and Tenth Claims for Relief allege negligent retention and training under Nevada state law. Defendants are immune from these claims pursuant to NRS 41.032.

Nevada has generally waived its sovereign immunity, *see* NRS 41.032, but it has retained its immunity for state officials exercising discretion. *See id.*; *see also Carey v. Nevada Gaming Control Bd.*, 279 F.3d 873, 878 (9th Cir. 2002). A person cannot maintain an action against an officer or employee of Nevada "[b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the State or any of its agencies . . . or of any officer . . . whether or not the discretion involved is abused." NRS 41.032(2) (emphasis added). Nevada's discretionary-function statute mirrors the Federal Tort Claims Act ("FTCA"), so Nevada law looks to federal decisional law on the FTCA for guidance on what type of conduct is protected by NRS 41.032. *Martinez v. Maruszczak*, 123 Nev. 433, 168 P.3d 720 (2007). In *Berkovitz–Gaubert* the United States Supreme Court proffered a two-part test to guide courts in determining whether actors have discretionary immunity from FTCA claims, and in *Martinez*, Nevada expressly adopted that test. *See id.* Under that test, an act is entitled to discretionary immunity if: (1) the act involves elements of judgment or choice; and (2) the act was based on considerations of public policy. *Id.* at 445, 168 P.3d at 728-29. Federal courts applying the *Berkovitz-Gaubert* test assess cases on their merits, keeping in mind Congress' purpose in enacting the exception, which was to "prevent judicial second-

guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Id.* at 433, 168 P.3d at 729 (internal quotation marks omitted).

Recently, the Nevada Supreme Court confirmed that LVMPD's decisions with respect to hiring, retention, training, and supervision are discretionary and protected by Nevada's discretionary-immunity statute. *Paulos v. FCH1*, 456 P.3d 589, 595 (Nev. 2020). *See also, Neal-Lomax v. Las Vegas Metro Police Dep't.*, 574 F. Supp. 2d 1170, 1192 (D. Nev. 2008), aff'd, 371 F. App'x 752 (9th Cir. 2010) ("Because Nevada looks to federal case law to determine the scope of discretionary immunity, and because federal case law consistently holds training and supervision are acts entitled to such immunity, LVMPD is entitled to discretionary immunity on this claim."); *Ramirez v. Clark Cty.*, No. 2:09-CV-98-JCM-RJJ, 2011 WL 3022406, at *5 (D. Nev. July 22, 2011) ("[The] plaintiff is claiming negligent hiring, training, and supervision. As these functions are usually considered discretionary functions, and there is no reason to depart from such an interpretation in this case, the plaintiffs' sixth claim for relief is barred by NRS 41.032."); *Beckwith v. Pool*, No. 2:13-CV-125-JCM-NJK, 2013 WL 3049070, at *6 (D. Nev. June 17, 2013) ("[The plaintiff] has alleged that the [] defendants negligently hired, trained, and supervised certain police officers that allegedly caused her to remain in jail for up to twelve hours. However, the discretionary function exception bars these claims."); *see also Koiro v. Las Vegas Metro Police Dep't.*, 2:12-CV-00725-MMD-GWF, 2013 WL 236898, at *2 (D. Nev. Jan. 22, 2013); *Vasquez-Brenes v. Las Vegas Metro Police Dep't.*, 2:12-CV-1635-JCM-VCF, 2014 WL 447152, at *10 (D. Nev. Sept. 10, 2014).

There is no reason to depart from the above-precedent as LVMPD exercises judgment in retaining and training its officers. That process involves "personal deliberation, decision, and judgment," rather than "obedience to orders, or the performance of a duty in which the [defendant] is left no choice of his own." *Sandoval v. Las Vegas Metro Police*

*Dep't.*, 756 F.3d 1154, 1168 (9th Cir. 2014) (citing *Davis v. City of Las Vegas*, 478 F.3d 1048, 1059 (9th Cir. 2007) (internal quotations omitted)).

Unless Plaintiffs can distinguish the myriad cases in which the courts have time and time again concluded that the police's internal decisions and training decisions are shielded from liability, plaintiffs' claims must be dismissed pursuant to NRS 41.032.

## V. CONCLUSION

Based upon the above, the LVMPD Defendants request this court issue the following order:

1. Dismiss the Nieces in their individual capacity from the lawsuit for lack of standing.

2. Dismiss the Siblings and Nieces from all federal law causes of action (i.e., Fifth Cause of Action, Sixth Cause of Action, Seventh Cause of Action, and Eighth Cause of Action) for lack of standing.

3. Dismiss the Siblings and Nieces from the Complaint's state law survival action claims for lack of standing.

4. Dismiss Sheriff Lombardo in both his official and individual capacities from the lawsuit.

5. Dismiss the Complaint's state law negligent retention and negligent training claims (Ninth Cause of Action and Tenth Cause of Action) due to the fact that defendants are immune from the claims pursuant to NRS 41.032.

As a result of the above requests, the following causes of action and parties remain in the litigation:

1. <u>Wrongful Death-Battery (First Cause of Action)</u> – Decedent's Estate and the Siblings v. Defendants Campbell, Vasquez, and Roman.

2. <u>Wrongful Death-Negligence (Second Cause of Action)</u> – Decedent's Estate and the Siblings v. Defendants LVMPD, Campbell, Vasquez, Gonzalez, and Roman.

3. <u>Survival Action—Negligence (Third Cause of Action)</u> – Decedent's Estate v. Defendants LVMPD, Campbell, Vasquez, Gonzalez, and Roman.

4. <u>Survival Action—Battery (Fourth Cause of Action)</u> – dismissed as this claim is part of the wrongful death claim.

5. <u>42 U.S.C. § 1983—Excessive force in Violation of the Fourth Amendment (Fifth Cause of Action)</u> – Decedent's Estate v. Defendants Campbell, Vasquez, and Roman.

6. <u>42 U.S.C. § 1983—Disregard of Medical Needs in violation of the Fourth Amendment (Sixth Cause of Action)</u> – Decedent's Estate v. Defendants Campbell, Vasquez, Gonzalez and Roman.

7. <u>42 U.S.C. § 1983—Municipal Liability Under *Monell* (Seventh Cause of Action)</u> – Decedent's Estate v. LVMPD.

8. <u>42 U.S.C. § 1983—Ratification (Eighth Cause of Action)</u> – Decedent's Estate v. LVMPD.

9. <u>Negligent Retention (Ninth Cause of Action)</u> – Dismissed pursuant to NRS 41.032.

10. <u>Negligent Training (Tenth Cause of Action)</u> – Dismissed pursuant to NRS 41.032.

Dated this 15th day of September, 2021.

MARQUIS AURBACH COFFING

By /s/ Craig R. Anderson
Craig R. Anderson, Esq.
Nevada Bar No. 6882
10001 Park Run Drive
Las Vegas, Nevada 89145
Attorneys for Defendants LVMPD, Campbell, Vasquez, Gonzalez, Roman and Lombardo

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **DEFENDANTS LVMPD, CAMPBELL, VASQUEZ, GONZALEZ, ROMAN AND LOMBARDO'S MOTION FOR PARTIAL DISMISSAL** with the Clerk of the Court for the United States District Court by using the court's CM/ECF system on the 15th day of September, 2021.

☒ I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

☐ I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants: n/a

*Sherri Mong* (signature)
an employee of Marquis Aurbach Coffing

MAC:14687-230 4461366_1