UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARCIA WELLS, et al., | Case No. 2:21-CV-1346 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| CITY OF LAS VEGAS, et al., | |
| Defendant(s). | |

Presently before the court is defendant Las Vegas Metropolitan Police Department ("LVMPD"), Officer Patrick Campbell, Officer Alexander Gonzalez, Officer Benjamin Vazquez, Officer Rocky Roman, and Sherriff Joe Lombardo (collectively, "defendants")'s motion for partial dismissal of plaintiffs Marcia Wells, Teena Acree (together with Wells, in their individual capacities, the "nieces," in their capacities as special administrators of the estate of Byron Lee Williams, the "administrators"), Tina Lewis-Stevenson, Gwendolyn Lewis, Robyn Williams, and Dewain Lewis (together with Lewis-Stevenson, Lewis, and Williams, the "siblings") (collectively, "plaintiffs")'s complaint. (ECF No. 30). Plaintiffs filed a response (ECF No. 34), to which defendants replied (ECF No. 35).

**I.   Background**

On September 5, 2019, LVMPD attempted to stop decedent Byron Lee Williams ("the decedent") for illegally riding a bicycle without a headlight in the early morning. (ECF No. 30). The decedent initially engaged in a two-minute foot pursuit before surrendering face-down on the ground. (*Id.*). LVMPD Officers Vasquez and Campbell struggled with the decedent on the ground while attempting to handcuff and detain him. (*Id.*). During the interaction, the decedent became unresponsive and was later pronounced dead at Valley Hospital. (ECF No. 34).

**James C. Mahan**
**U.S. District Judge**

1    On July 14, 2021, plaintiffs filed a complaint against LVMPD behalf of the decedent, alleging wrongful death, battery, negligence, and various 42 U.S.C. § 1983 claims. (ECF No. 1). Plaintiffs contend the LVMPD officers' use of force was excessive and ultimately caused the decedent's air supply to be obstructed. (ECF No. 1). Defendants filed the instant motion for partial dismissal under Fed. R. Civ. P. 12(b)(6). (ECF No. 30).

**II.     Legal Standard**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief."

James C. Mahan
U.S. District Judge

- 2 -

*Id.* (internal quotation marks omitted).  When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment.  *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Under Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and absent "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The court should grant leave to amend "even if no request to amend the pleading was made."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

### III.    Discussion

As an initial matter, plaintiffs concede that (1) Sherriff Lombardo should be dismissed entirely, (2) the nieces and siblings should be dismissed from claims 3–8, and (3) the nieces should be dismissed from claims 1 and 2.  Thus, the only contested issue is whether plaintiffs' ninth and tenth claims for negligent retention and negligent training must be dismissed.

Here, plaintiff's negligent training and retention claim is based in state law.  "It is well established that a state court's interpretation of its statutes is binding on the federal courts unless a state law is inconsistent with the federal Constitution."  *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1012 (9th Cir. 2004) (citing *Adderley v. Florida*, 385 U.S. 39, 46 (1966)); *see also* 28 U.S.C. § 1652.

James C. Mahan
U.S. District Judge

- 3 -

Nevada has waived its general state immunity under Nevada Revised Statutes ("NRS") § 41.031. The state's waiver of immunity is not absolute; the state has retained a "discretionary function" form of immunity for officials exercising policy-related or discretionary acts. *See* Nev. Rev. Stat. § 41.032.[1] Nevada adopted the Supreme Court's *Berkovitz-Gaubert* two-part test regarding discretionary immunity, meaning "Nevada's discretionary-function immunity statute mirrors the Federal Tort Claims Act." *Martinez v. Maruszczak*, 168 P.3d 720, 727 (Nev. 2007).

Thus, public entities are immune from suit for discretionary functions, but can be held liable for operational functions. *See id.* at 727 ("[D]ecisions made in the course of operating the project or endeavor were deemed non-discretionary and, thus, not immune under the discretionary-function exception, as those decisions [are] viewed as merely operational."); *see also Andolino v. State*, 624 P.2d 7, 9 (Nev. 1981) ("[The state of Nevada] may be sued for operational acts, but maintains immunity for policy or discretionary ones").

Thus, state actors are entitled to discretionary-function immunity under NRS § 41.032 if their decision "(1) involve[s] an element of individual judgment or choice and (2) [is] based on considerations of social, economic, or political policy." *Martinez*, 168 P.3d at 729. "To come within the discretionary function exception, the challenged decision need not actually be grounded in policy considerations so long as it is, by its nature, susceptible to a policy analysis." *Vickers v. United States*, 228 F.3d 944, 950–51 (9th Cir. 2000).

However, "federal courts applying the *Berkovitz-Gaubert* test must assess cases on their facts, keeping in mind Congress' purpose in enacting the exception: to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *See Martinez,* 168 P.3d at 729 (quoting *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 814 (1984)) (internal quotation marks omitted).

---

[1] Title 12 of NRS states in relevant part that no action may be brought against a state officer or official which is "[b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the State or any of its agencies or political subdivisions . . . whether or not the discretion involved is abused." Nev. Rev. Stat. § 41.032(2).

**James C. Mahan**
**U.S. District Judge**

The defendants assert that the training of LVMPD officers is a discretionary act such that they are entitled to immunity by statute. (ECF No. 21 at 26–27). In particular, LVMPD asserts that the hiring, training, and retention of its officers "involves 'personal deliberation, decision and judgment' rather than 'obedience to order, or the performance of a duty in which the [defendant] is left no choice of his own.'" (quoting *Sandoval v. Las Vegas Metro Police Dep't*, 756 F.3d 1154, 1168 (9th Cir. 2014). Consequently, LVMPD posits that decisions relating to hiring, training, and supervision of employees are always entitled to immunity.

The Ninth Circuit established that "decisions relating to the hiring, training, and supervision of employees usually involve policy judgments of the type Congress intended the discretionary function exception to shield." *Vickers* 228 F.3d at 950. The Nevada Supreme Court recently affirmed this view in *Paulos v. FCH1*, 136 Nev. 18, 26 (2020) (finding that Nevada's discretionary-function immunity under NRS § 41.032(2) barred plaintiffs' claims for negligent hiring, training, and supervision against LVMPD).

In *Paulos*, the court specifically analyzed discretionary immunity under the *Berkovitz-Gaubert* test. *Id*. at 26. The court held that LVMPD's decision to hire and train an officer involved a sufficient element of choice and the department's decisions governing the training process are reasonably subject to policy analysis, thus satisfying both prongs of the analysis. *Id*. The court is persuaded by that reasoning here.

LVMPD's authority over its hiring and training procedures involves a sufficient amount of discretion and decision-making, such that it exceeds the label of operational functions. *Neal-Lomax v. Las Vegas Metro. Police Dep't*, 574 F. Supp. 2d 1170, 1192 (D. Nev. 2008), aff'd, 371 F. App'x 752 (9th Cir. 2010) (finding acts relating to hiring and training of employees involve elements of judgment and choice). Moreover, a law enforcement agency's governance over its own hiring and training procedures is certainly subject to policy analysis, thus meeting prong two of the test. *Paulos*, 136 Nev. at 26 (finding LVMPD's decision to train officers to avoid detaining suspects on hot asphalt in the summer to be subject to policy analysis); *see Vickers* 228 F.3d at 950.

**James C. Mahan**
**U.S. District Judge**

The plaintiffs contend that LVMPD exercised bad faith in hiring and training its employees and thus those acts are not under the purview of discretionary immunity. (ECF No. 34). *See Falline v. GNLV Corp.*, 107 Nev. 1004, 1009 n.3 (Nev. 1991). However, the court in *Falline* also articulated the difference between abuse of discretion, which triggers immunity, and bad faith, which does not. *Id.* Specifically, the court stated, "Bad faith, on the other hand, involves an implemented attitude that completely transcends the circumference of authority granted the individual or entity." *Id.* In other words, an act of bad faith has no rational relationship to the duties of the officer. That cannot be said of the conduct alleged here.

The weight of precedent barring negligent retention and training claims against state actors under NRS § 41.032 is persuasive. The court finds employee hiring, training, and supervision appropriately fall under Nevada's discretionary immunity under NRS § 41.032. Therefore, the court dismisses these claims.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to dismiss (ECF No. 30) be, and the same hereby is, GRANTED.

DATED September 30, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**